IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| LONDON CONSTRUCTION, LLC, | ) |
| | ) Case No. 2:12-cv-1861-GMN-GWF |
| Plaintiff, | ) |
| | ) **ORDER DISMISSING** |
| v. | ) **COMPLAINT** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

The United States' Motion to Dismiss is hereby GRANTED, and the Complaint is DISMISSED WITH PREJUDICE.

BACKGROUND

The Complaint by a Nevada corporation London Construction LLC, seeks that "the penalty for not filing correct information returns be abated and any monies applied to those penalties be refunded with interest as provided by law." Plaintiff alleges that in 2007 it generated

overpayments of 941 taxes, which overpayments were applied to penalties under I.R.C. § 6721 for intentional disregard of filing Forms W-2 and W-3 for the tax years 2004 and 2005 (the 2004-2005 Penalties)[1]. Complaint ¶¶ 3, 8. Plaintiff alleges that on November 3, 2009, it filed an administrative appeal of the Penalty and that on the same date it filed a claim for refund. Complaint ¶¶ 11-12. Plaintiff further alleges that the Internal Revenue Service (the Service) abated a portion of the 2004-2005 Penalties, but that it is due a refund in the amount of $48,657.48. Complaint ¶¶ 13, 16.

Documents provided by the parties as part of the briefing of the motion to dismiss provide additional details.  The refund claim and the administrative appeals request both relate to the 2004-2005 Penalties. ECF No. 15 at 12.  The explanation listed on the refund claim form why the refund claim should be allowed is "See Attached Appeal." ECF No. 15 at 12.

At the administrative appeal level, the 2004-2005 Penalties were abated in full ($134,154.00), and a new penalty in the amount of $1,600.35 for failing to timely file the returns for 2004 was imposed.  See ECF No. 11-3 and ECF No. 15 at 24. Any credits were then offset to outstanding tax and/or penalty and interest liabilities, or refunded. ECF No. 15 at 24.

In the Complaint, Plaintiff  seeks that the 2004-2005 Penalties be abated and "any monies applied to those penalties be refunded with interest as provided by law." Complaint at 3. There is no allegation that an administrative claim was filed for the tax year 2007 or for any other period.

The United States filed a Motion to Dismiss, arguing that the court lacks subject matter jurisdiction and that the Complaint fails to state a claim.

---

[1] Section 6721 imposes various penalties for any failure to file an information return on or before the required filing date, and for any failure to include all of the information required to be shown on the return or the inclusion of incorrect information.

APPLICABLE LAW

<u>Sovereign Immunity</u>

The United States, as a sovereign, may not be sued without its consent, and the existence of such consent is a prerequisite for jurisdiction. If the United States has not waived its immunity, courts lack jurisdiction over the subject matter of the action, and the case must be dismissed. *United States v. Mitchell*, 445 U.S. 535, 536 (1980); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990).

Section 1346(a) of Title 28 (the Internal Revenue Code or I.R.C.) provides a limited waiver of sovereign immunity, and provides that district courts shall have original jurisdiction over suits against the United States for the recovery of internal-revenue tax alleged to have been erroneously or illegally collected.  Section 7422(a) of the I.R.C., however, limits the waiver of sovereign immunity provided in Section 1346(a) and prohibits the district courts from exercising jurisdiction over a refund claim unless taxpayers file an administrative claim for refund in accordance with the I.R.C. and regulations proscribed by the Secretary. An action for refund in district court must be commenced more than six months after the filing of the administrative claim or within two years of the disallowance of the claim by the IRS. *See United States v. Dalm*, 494 U.S. 596, 602 (1990); 26 U.S.C. §§ 6532(a), 7422. These statutory prerequisites are jurisdictional.  *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987).

<u>Legal Standard for Motion to Dismiss For Lack of Jurisdiction</u>

In deciding a Rule 12(b)(1) motion which factually challenges jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). The court "'may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003).

## RULING

The Court finds that this Complaint must be dismissed for lack of jurisdiction because there is no waiver of sovereign immunity in respect to any refund claim other than that for 2004-2005 Penalties.

According to the documents provided by the parties as part of the briefing of the motion to dismiss, the 2004-2005 Penalties were abated in full ($134,154.00) at the administrative level.

See ECF No. 11-3 and ECF No. 15 at 24. Any credits were then "offset to outstanding tax and/or penalty and interest liabilities," or refunded. ECF No. 15 at 24.

Plaintiff argues that the Court has jurisdiction over a refund of any overpayments generated in 2007 that were originally applied to the 2004-2005 Penalties, even after the 2004-2005 Penalties were abated and the overpayments and credits applied to other liabilities. Plaintiff is mistaken.

Section 6402(a) of the I.R.C. states that the Service may credit an overpayment against any tax liability of the person who made the overpayment and refund any remainder of overpayment.

If the Service applies an overpayment to a particular tax, that tax is deemed paid when the credit is made. IRC § 7422(d). A taxpayer may dispute the appropriateness of the credit by claiming a refund of the tax paid by the credit. *See Greene–Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir.2008) ("Under section 7422(d), when the IRS applies an overpayment as a credit to a liability for a separate tax year, the taxpayer must file a refund claim for the year in which the IRS applied the credit. *See Kaffenberger v. United States*, 314 F.3d 944, 959 (8th Cir. 2003); *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 525 n. 19 (5th Cir. 1980)"); *see also Recchie v. United States*, 1 Cl.Ct. 726, 727 (1983) (1981 income tax overpayment applied in 1982 to a 1975 tax deficiency held to be "1975 tax ... deemed paid in 1982 for the purpose of the statute of limitations").

In respect to the liability arising from the 2004-2005 Penalties, there is no case in controversy, because the 2004-2005 Penalties were abated in full at the administrative appeals level. The Court lacks jurisdiction over any refund claim in respect to 2007 overpayments (or any other overpayments or credits that have been applied to other liabilities), because Plaintiff

5

has not exhausted its administrative remedies in respect to any liabilities except those related to the 2004-2005 Penalties. After the Services abated the 2004-2005 Penalties, any credits were applied to other liabilities, and the taxpayer must dispute the appropriateness of the credit by claiming a refund of <u>the tax paid by the credits</u>. In this Complaint, the Plaintiff is not disputing any tax except for the 2004-2005 Penalties, and there is no allegation that any other administrative claim has been filed. Therefore, there is no waiver of sovereign immunity in respect to any refund claim other than that for 2004-2005, and the Complaint must be dismissed.

WHEREFORE, the Complaint is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 17th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

Respectfully submitted by:

KATHRYN KENEALLY
Assistant Attorney General

/s/ Boris Kukso
BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683

DANIEL G. BOGDEN
United States Attorney
District of Nevada
Of Counsel

Attorneys for the United States of America